372 A.2d 408

**Gerard M. BIGLEY and Emil Narick, Appellants,**

**v.**

**James FLAHERTY et al., Commissioners of Allegheny County.**

**Rochelle S. (Shelly) FRIEDMAN, an Individual, Appellant,**

**v.**

**James J. FLAHERTY et al., in their official capacity as County Commissioners and ex-officio members of the Board of Elections of Allegheny County, et al.**

Supreme Court of Pennsylvania.

Argued April 14, 1977.

Decided April 20, 1977.

John L. Doherty, DeCello, Manifesto, Doherty & Love, Pittsburgh, for appellants in No. 123.

Joseph Friedman, Rochelle S. Friedman, Pittsburgh, for appellant in No. 125.

Alexander J. Jaffurs, County Sol., Pittsburgh, for appellees in Nos. 123 and 125.

Grace S. Harris, Pittsburgh, for amicus curiae in No. 125.

Michael T. McCarthy, Asst. Atty. Gen., Harrisburg, for intervenor in No. 125.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

PER CURIAM.

Nominating petitions for the office of Judge of the Court of Common Pleas of Allegheny County were filed with the Board of Elections (Board) by five judges of that court—appointed to that office by the Governor—and by thirteen attorneys residing in Allegheny County. One of the appointed judges, S. Louis Farino, subsequently requested the Board to print his occupation as "Judge of Common Pleas Court" on the ballot. This request alleged that one D. Stephen Ferito, an attorney, was a candidate for the same office, and that the name "Ferito" is so similar to the name "Farino" that the voters would be confused.

The Board, relying on the Act of June 3, 1937, P.L. 1333, Art. X; § 1005 (25 P.S. § 2965), granted Farino's petition. The Act provides:

"If two or more candidates for the same office shall have the same or similar surnames, the county board of elections shall, upon the request of any such candidate filed in writing not later than five days after the last day for filing nomination petitions, certificates or papers, print the occupation or residence of any such candidate, so filing a request, on the ballot or ballot labels opposite or under his name."

One of the four remaining appointed judges, William H. Colbert, then petitioned the Board to add the same occupation—"Judge of Common Pleas Court"—to the ballot labels next to his name, as well as the names of the other three appointed judges who are also candidates. The other three appointed judges who are also candidates for the office of Judge are R. Stanton Wettick, Raymond L. Scheib and I. Martin Wekselman, Judge Colbert's request was based on the contention that failing to advise the electorate that these four candidates were also judges would be prejudicial to their rights. On March 18, 1977, the Board decided to print "Judge of Common Pleas Court" on the ballot labels of all five.

Plaintiff in this case, along with three other candidates for the office of Judge of the Court of Common Pleas, filed an appeal from the above decision of the Board with the Court of Common Pleas of Allegheny County. The Court approved the action of the Board and directed that "Judge of Common Pleas Court" be printed on the ballot labels of these five judicial candidates. By order dated March 30, 1977, we granted appellant's petition to accept plenary jurisdiction. This appeal followed.

The Act of June 3, 1937, P.L. 1333, Art. X, § 1005 (25 P.S. § 2965), provides a means to distinguish, for the voters, candidates with the same or similar surnames who are running for the same office. In so doing, the Act attempts to alleviate confusion that might be created by such similarities. There is obviously no possibility of confusing the name of candidate D. Stephen Ferito with any of the appointed judges other than Judge Farino. Therefore, the statutory right to have their occupations printed on the ballot is not applicable to them.

As to "Farino" and "Ferito", we believe that the statutory provision for printing the candidates' places of *residence* will sufficiently distinguish them from each other in the eyes of the electorate to avoid confusion. The Act

provides for the printing of the " . . . occupation *or* residence . . . " of candidates with the same or similar surnames. Furthermore, the Act authorizes the printing

" . . . opposite or under the name of each candidate . . . [of] the name of the city, borough, township or ward, as the case may be, in which such candidate resides."

Act of June 3, 1937, P.L. 1333 Art. X, § 1002, *as amended*, March 17, 1972, P.L. 114, No. 40, § 1 (25 P. S. § 2962(b)).

"Farino" and "Ferito" live in different municipalities of the election district, and it is our belief that printing the residence of each candidate on the ballot will avoid any confusion which might be caused by the similarity of their surnames.

In view of our decision that none of the judicial candidates is entitled to have his occupation printed on the ballot, we need not consider the question of whether allowing some to have "Judge of Common Pleas Court" would be a denial of equal protection to the others.

The order of the Court of Common Pleas affirming the decision of the Board is vacated, the decision of the Board is reversed, and the matter is remanded to the Board for further action consistent with this opinion.